UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CYRIL B. KORTE**, **JANE E. KORTE**,
and **KORTE & LUITJOHAN
CONTRACTORS**, **INC.**,
             Plaintiffs,

v.                                                                               CASE NO. 3:12-CV-01072-MJR-PMF

**UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES**; **KATHLEEN SEBELIUS**,
in her official capacity as the Secretary of
the United States Department of Health and
Human Services; **UNITED STATES
DEPARTMENT OF THE TREASURY**;
**TIMOTHY F. GEITHNER**, in his official
capacity as the Secretary of the United States
Department of the Treasury; **UNITED
STATES DEPARTMENT OF LABOR**;
and **HILDA L. SOLIS**, in her official
capacity as Secretary of the United States
Department of Labor,
             Defendants.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

      Plaintiffs, Cyril B. Korte, Jane E. Korte, and Korte & Luitjohan Contractors, Inc., by and through their attorneys, bring this complaint against Defendants United States Department of Health and Human Services; Kathleen Sebelius; United States Department of the Treasury; Timothy F. Geithner; United States Department of Labor; and Hilda L. Solis, and their successors in office, and in support thereof allege the following on information and belief:

### INTRODUCTION

      1.     Plaintiffs seek judicial review concerning Defendants' violations of constitutional and statutory provisions in connection with Defendants' promulgation and implementation of certain regulations adopted under the Patient Protection and Affordable Care Act of 2010

(hereafter "Affordable Care Act"), specifically those regulations mandating that employers include in employee health benefit plans coverage of services that violate an employer's religious and moral values.

2. Specifically, Plaintiffs ask this court for declaratory and injunctive relief from the operation of the Final Rule confirmed and promulgated by Defendants on or about February 15, 2012, mandating that employee health benefit plans include coverage, without cost sharing, for "all Food and Drug Administration-approved contraceptive methods, sterilization procedures and patient education and counseling for all women with reproductive capacity" in plan years beginning on or after August 1, 2012, (hereafter "Mandate," "Final Rule," or "Mandate/Final Rule"). 45 CFR § 147.130(a)(1)(iv), as confirmed at 77 Fed. Reg. 8725 (Feb. 15, 2012), adopting and quoting Health Resources and Services Administration (hereafter "HRSA") Guidelines found at http://www.hrsa.gov/womensguidelines.

3. Plaintiffs Cyril B. Korte and Jane E. Korte are adherents of the Catholic faith. As equal shareholders who together own a controlling interest in Plaintiff Korte & Luitjohan Contractors, Inc., Plaintiffs Cyril B. Korte and Jane E. Korte wish to conduct business in a manner that does not violate their religious faith.

4. Plaintiffs Cyril B. Korte and Jane E. Korte have concluded that complying with the Mandate would require them to violate their religious beliefs because the Mandate requires them and/or the corporation they control to arrange for, pay for, provide, facilitate, or otherwise support not only contraception and sterilization, but also abortion, because certain drugs and devices such as the "morning-after pill," "Plan B," and "Ella" come within the Mandate's and HRSA's definition of "Food and Drug Administration-approved contraceptive methods" despite their known abortifacient mechanisms of action.

5. Plaintiffs contend that the Mandate requires them either to comply with the

Mandate and violate their religion or not comply with the Mandate, in order to conduct their business in a manner consistent with their religion, and pay ruinous fines and penalties. Accordingly, the Mandate violates their rights under the Religious Freedom Restoration Act and the First Amendment and also violates the Administrative Procedure Act.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1346(a)(2) because it is a civil action against agencies and officials of the United States based on claims arising under the Constitution, laws of the United States, and regulations of executive departments and it seeks equitable or other relief under an Act of Congress, and also pursuant to 28 U.S.C. § 1361 as this court may compel officers and agencies of the United States to perform a duty owed Plaintiffs.

7. This court has jurisdiction to render declaratory and injunctive relief pursuant to 5 U.S.C. § 702, 28 U.S.C. §§ 2201-2202, 42 U.S.C. § 2000bb-1, and Federal Rules of Civil Procedure 57 and 65.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(e)(1)(B)-(C) because Plaintiffs reside in this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

9. This court has the authority to award Plaintiffs their costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## PLAINTIFFS

10. Plaintiffs Cyril B. Korte and Jane E. Korte are individuals and citizens of the State of Illinois and the United States.

11. Plaintiffs Cyril B. Korte and Jane E. Korte each hold 43.674% ownership in Plaintiff Korte & Luitjohan Contractors, Inc., and are equal shareholders who together own a

controlling interest in Plaintiff Korte & Luitjohan Contractors, Inc.

12. Plaintiff Cyril B. Korte is the President of Korte & Luitjohan Contractors, Inc., and Plaintiff Jane E. Korte is the Secretary. They are the only Directors of Plaintiff Korte & Luitjohan Contractors, Inc., and together they set the policies governing the conduct of all phases of Plaintiff Kotre & Luitjohan Contractors, Inc.

13. Plaintiff Korte & Luitjohan Contractors, Inc., is a family owned, full-service construction contractor serving Central and Southern Illinois for over fifty years. Its main offices are located at 12052 Highland Road, Highland, Illinois, which is in Madison County. It is incorporated under the laws of the State of Illinois.

## DEFENDANTS

14. Defendant United States Department of Health and Human Services (hereafter "HHS"), is an agency of the United States and is responsible for administration and enforcement of the Mandate/Final Rule.

15. Defendant Kathleen Sebelius is Secretary of HHS and is named as a party only in her official capacity.

16. Defendant United States Department of the Treasury is an agency of the United States and is responsible for administration and enforcement of the Mandate/Final Rule.

17. Defendant Timothy F. Geithner is Secretary of the Treasury and is named as a party only in his official capacity.

18. Defendant United States Department of Labor (hereafter "DOL") is an agency of the United States and is responsible for administration and enforcement of the Mandate/Final Rule.

19. Defendant Hilda L. Solis is Secretary of DOL and is named as a party only in her official capacity.

## FACTUAL ALLEGATIONS

20. Plaintiffs Cyril B. Korte and Jane E. Korte hold to the teachings of the Catholic Church regarding the sanctity of human life from conception to natural death. They believe that actions intended to terminate an innocent human life by abortion are gravely sinful.

21. Plaintiffs Cyril B. Korte and Jane E. Korte adhere to the Catholic Church's teaching regarding the immorality of artificial means of contraception and sterilization.

22. Plaintiffs Cyril B. Korte and Jane E. Korte seek to manage and operate Plaintiff Korte & Luitjohan Contractors, Inc., in a way that reflects the teachings, mission, and values of their Catholic faith. Also, in furtherance of their Catholic faith, they both strongly support, financially and otherwise, Catholic fundraisers and other events, including, but not limited to, the STYDEC Ghana project, restoration of their parish church, annual church picnic, and annual parish school auction.

23. Plaintiff Korte & Luitjohan Contractors, Inc. currently has about ninety full-time employees. About seventy of those employees belong to unions and about twenty of those employees are non-union. Plaintiff Korte & Luitjohan Contractors, Inc. provides a group health insurance plan only for its non-union employees. Union employees are covered by separate health insurance through their respective unions over which Plaintiffs have no control.

24. The annual renewal date of the company's group health plan for its non-union employees is January 1.

25. Like other non-cash benefits provided by Plaintiff Korte & Luitjohan Contractors, Inc., Plaintiffs consider the provision of employee health insurance an integral component of furthering the company's mission and values.

26. Plaintiffs Cyril B. Korte and Jane E. Korte believe that they cannot arrange for, pay for, provide, facilitate, or otherwise support employee health plan coverage for

5

contraceptives, sterilization, abortion, or related education and counseling without violating their religious beliefs and have established an ethical guideline for Plaintiff Korte & Luitjohan Contractors, Inc. setting forth those beliefs.

## APPLICABLE PROVISIONS OF THE MANDATE

27. Under the Mandate or Final Rule being challenged herein, employers with more than fifty full-time employees, such as Plaintiff Korte & Luitjohan Contractors, Inc., are required to include in group health plans coverage for all FDA-approved contraceptive methods, sterilization, and education and counseling for same.

28. The Mandate went into effect on August 1, 2012, and applies to the first health insurance plan-year starting after August 1, 2012.

29. The group health plan for Plaintiff Korte & Luitjohan Contractors, Inc.'s non-union employees is due for renewal on January 1, 2013. As was discovered in or about August 2012, Korte & Luitjohan's current group health plan includes coverage for contraceptives, sterilization, and abortion, which is an error that is contrary to what Plaintiffs want based on their religious beliefs and contrary to the ethical guidelines of Plaintiff Korte & Luitjohan Contractors, Inc. The company is investigating ways to obtain employee health insurance coverage that complies with their Catholic faith and the company's ethical guidelines.[1]/

30. Plaintiffs wish to renew health insurance coverage for their non-union employees

---

[1]/ The State of Illinois requires coverage for outpatient contraceptive services and drugs in individual and group health insurance policies. 215 Ill. Comp. Stat. § 5/356z.4. Yet, the Illinois Health Care Right of Conscience Act, 745 Ill. Comp. Stat. § 70/1, *et seq.*, provides "health care payers," 745 Ill. Comp. Stat. § 70/3(f), such as Plaintiffs, with an exemption from having to pay for, or having to arrange for the payment of, any health care services, including "family planning, counseling, referrals, or any other advice in connection with the use or procurement of contraceptives and sterilization or abortion procedures; medication; or surgery or other care or treatment," 745 Ill. Comp. Stat. § 70/3(a), that violates the health care payer's conscience as documented in its ethical guidelines or the like, 745 Ill. Comp. Stat. §§ 70/2, 70/3(e), 70/11.2.

while, at the same time, exclude coverage for all FDA-approved contraceptive methods, abortion, sterilization procedures, and patient education and counseling regarding such procedures.

31. Under the terms of the Mandate, Plaintiffs will not be permitted to obtain coverage that excludes the aforementioned drugs and services. On the contrary, the Mandate will require that Plaintiffs continue to provide their employees with coverage of those services, activities, and practices that Plaintiffs consider sinful and immoral.

32. It takes about sixty days of planning for Plaintiffs to change or modify a group health care plan.

33. Plaintiffs, as for-profit employers, do not qualify for the "religious employer" exemption contained in the Final Rule. *See* 45 CFR § 147.130(a)(1)(A) and (B).

34. Because Plaintiffs do not qualify for the "religious employer" exemption, they are not permitted to take advantage of the "temporary enforcement safe-harbor" provision as set forth by Defendants at 77 Fed. Register 8725 (Feb. 15, 2012).

35. Health insurance plans in existence as of the enactment of the Affordable Care Act, on or about March 23, 2010, that do not include coverage for all FDA-approved contraceptive methods, sterilization, and related education and counseling and that have not since been materially changed are considered "grandfathered" plans that do not have to comply with the Mandate.

36. The Mandate coerces Plaintiffs into complying with its requirements and abandoning integral components of Plaintiffs' religiously inspired mission and values.

37. Failure to comply with the Mandate may cause Plaintiff Korte & Luitjohan Contractors, Inc. to have to pay annual fines and penalties to the federal government.

38. Plaintiffs are confronted with choosing between complying with the Mandate's

requirements in violation of their religious beliefs, or paying ruinous fines that would have a crippling impact on their ability to survive economically.

39. Any alleged interest Defendants have in providing free FDA-approved contraceptives, abortifacients, and sterilization and related education and counseling services, without cost sharing, could be advanced by Defendants through other more narrowly tailored means that do not burden the religious beliefs of Plaintiffs and do not require them to arrange for, pay for, provide, facilitate, or otherwise support coverage of such items through their employee health care plan.

40. Plaintiffs lack an adequate or available administrative remedy or, in the alternative, any effort to obtain an administrative remedy would be futile.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Religious Freedom Restoration Act)

41. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 40 above and incorporate those allegations herein by reference.

42. Plaintiffs' sincerely held religious beliefs prevent them from arranging for, paying for, providing, facilitating, or otherwise supporting coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

43. The Mandate/Final Rule, by requiring Plaintiffs to provide said coverage, imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in accordance with their religious beliefs or paying substantial penalties to the government.

44. The Mandate/Final Rule furthers no compelling governmental interest.

45. The Mandate/Final Rule is not narrowly tailored to furthering any compelling interest.

46. The Mandate/Final Rule is not the least restrictive means of furthering the Defendants' stated interests.

47. The Mandate/Final Rule and Defendants' threatened enforcement of same violate rights secured to Plaintiffs by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*

48. Absent injunctive and declaratory relief against the Mandate/Final Rule, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## COUNT II
### (Violation of the Federal Free Exercise Clause)

49. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 40 above and incorporate those allegations herein by reference.

50. Plaintiffs' sincerely held religious beliefs prevent them from arranging for, paying for, providing, facilitating, or otherwise supporting coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

51. The Mandate/Final Rule, by requiring Plaintiffs to provide said coverage imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in accordance with their religious beliefs or paying substantial penalties to the government.

52. The Mandate/Final Rule furthers no compelling governmental interest.

53. The Mandate/Final Rule is not narrowly tailored to furthering any compelling

interest.

54. The Mandate/Final Rule is not the least restrictive means of furthering the Defendants' stated interests.

55. The Mandate/Final Rule is neither neutral nor generally applicable.

56. The Mandate/Final Rule and Defendants' threatened enforcement of same violates Plaintiffs' rights to free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

57. Absent injunctive and declaratory relief against the Mandate/Final Rule, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## COUNT III
### (Violation of the Federal Establishment Clause)

58. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 40 above and incorporate those allegations herein by reference.

59. The First Amendment's Establishment Clause prohibits the establishment of any religion and/or excessive government entanglement with religion.

60. The provisions of the Mandate, including the "religious employer exemption," require the government to examine and evaluate the religious beliefs of Plaintiffs, require the government to discriminate among religious beliefs and organizations, and require the government to adopt particular theological viewpoints and discriminate against others.

61. The Mandate/Final Rule thus violates the Establishment Clause of the First Amendment.

62. Absent injunctive and declaratory relief against the Mandate/Final Rule, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their

prayer for relief.

## COUNT IV
### (Violation of the Federal Free Speech Clause)

63. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 40 above and incorporate those allegations herein by reference.

64. The First Amendment protects organizations as well as individuals against compelled speech.

65. Expenditures of money are a form of protected speech.

66. Plaintiffs believe that the aforementioned services, activities, and practices covered by the Mandate/Final Rule are contrary to their religious beliefs.

67. The Mandate/Final Rule compels Plaintiffs to subsidize services, activities, and practices Plaintiffs believe to be immoral.

68. The Mandate/Final Rule compels Plaintiffs to arrange for, pay for, provide, facilitate, or otherwise support coverage for education and counseling related to contraception, sterilization, and abortion.

69. Defendants' actions thus violate Plaintiffs' free speech rights as guaranteed by the First Amendment to the United States Constitution.

70. Absent injunctive and declaratory relief against the Mandate/Final Rule, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## COUNT V
### (Violation of the Administrative Procedure Act)

71. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 40 above and incorporate those allegations herein by reference.

72. The Affordable Care Act expressly delegates to an agency within Defendant

United States Department of Health and Human Services, the Health Resources and Services Administration, the authority to establish "preventive care" guidelines that a group health plan and health insurance issuer must provide.

73. Given this express delegation, Defendants were obliged to engage in formal notice and comment rulemaking as prescribed by law before Defendants issued the guidelines that group health plans and insurers must provide.

74. Proposed regulations were required to be published in the Federal Register and interested persons were required to be given a chance to take part in the rulemaking through the submission of written data, views, or arguments.

75. Defendants promulgated the "preventive care" guidelines without engaging in the formal notice and comment rulemaking as prescribed by law. Defendants delegated the responsibilities for issuing "preventive care" guidelines to a non-governmental entity, the Institute of Medicine, which did not permit or provide for broad public comment otherwise required by the Administrative Procedure Act.

76. Defendants also failed to engage in the required notice and comment rulemaking when Defendants issued the interim final rules and the final rule that incorporates the "preventive care" guidelines.

77. Moreover, the Mandate/Final Rule violates Section 1303(b)(1)(A) of the Affordable Care Act, which provides that "nothing in this title" . . . "shall be construed to require a qualified health plan to provide coverage of [abortion] services . . . as part of its essential health benefits for any plan year." 42 U.S.C.A. § 18023(b)(1)(A)(i) (codification of Section 1303 of the Affordable Care Act).

78. The Mandate/Final Rule violates the Religious Freedom Restoration Act.

79. The Mandate/Final Rules violates the First Amendment to the United States

Constitution.

80. Defendants, in promulgating the Mandate/Final Rule, failed to consider the constitutional and statutory implications of the Mandate on for-profit employers such as Plaintiffs.

81. Accordingly, the Mandate/Final Rule is arbitrary and capricious, not in accordance with law or required procedure, and is contrary to constitutional right, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

82. Absent injunctive and declaratory relief against the Mandate/Final Rule, Plaintiffs' have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## PRAYER FOR RELIEF

83. Plaintiffs repeat and re-allege all allegations made above and incorporate those allegations herein by reference, and Plaintiffs request that this court grant them the following relief and enter final judgment against Defendants and in favor of Plaintiffs:

A. Enter a declaratory judgment that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Religious Freedom Restoration Act;

B. Enter a declaratory judgment that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Free Exercise Clause of the First Amendment to the United States Constitution;

C. Enter a declaratory judgment that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Establishment Clause of the First Amendment to the United States Constitution;

D. Enter a declaratory judgment that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Free Speech Clause of the First Amendment

to the United States Constitution;

  E. Enter a declaratory judgment that the Mandate/Final Rule and Defendants' enforcement of same against Plaintiffs violates the Administrative Procedure Act;

  F. Enter preliminary and permanent injunctions prohibiting Defendants, their officers, agents, servants, employees, successors in office, attorneys, and those acting in active concert or participation with them, from enforcing the Mandate/Final Rule against Plaintiffs and others not before this court who have religious objections to providing health insurance coverage under the Mandate/Final Rule for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling";

  G. Award Plaintiffs their costs and attorney's fees associated with this action; and

  H. Award Plaintiffs any further relief this court deems equitable and just.

          Respectfully submitted,

          /s/ Edward L. White III

| | |
|---|---|
| Francis J. Manion (KY 85594)* | Edward L. White III (MI P62485) |
| Geoffrey R. Surtees (KY 89063)* | Admitted to S.D. Ill. Bar |
| American Center for Law & Justice | Lead Counsel |
| Post Office Box 60 | American Center for Law & Justice |
| New Hope, Kentucky 40052 | 5068 Plymouth Road |
| 502-549-7020; Fax. 502-549-5252 | Ann Arbor, Michigan 48105 |
| fmanion@aclj.org | 734-662-2984; Fax. 734-302-1758 |
| grsurtees@gmail.com | ewhite@aclj.org |
| | |
| *Applications for admission forthcoming | Dated: October 9, 2012 |